Emérito Velázquez, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 1170.    Submitted November 5, 1945.—Decided November 26, 1945.

*Antonio L. López* for appellant.

Mr. Chief Justice Travieso delivered the opinion of the court.

Juan Rivera López de Victoria, owner of a rural property containing six hundred and twenty-five thousandths of an acre (*cuerda*). equivalent to 2,452.2 square meters, segregated therefrom and sold to Angustia Rodríguez 160 square meters, the remaining portion retained by the vendor measuring 2,299.2 square meters.

By a deed of August 23, 1925, Mr. Rivera segregated from said remaining portion of 2,299.2 meters a parcel containing 334 square meters, and the original property was thereby reduced to 1,965.2 square meters, which by the same deed Mr. Rivera sold to Emérito Velázquez.

Upon the said deed being presented for record in the Registry of Property of Caguas, the registrar refused to record the same "as it appears that in dividing the lot in question there has been a failure to comply with the last paragraph of Article 1 of the Subdivision Regulations, which provides that, before recording such divisions or segregations, the registrar shall require from the interested party the submission of a proper certificate issued by the Planning, Urbanizing and Zoning Board of Puerto Rico, said certificate not having been produced as required by the said Regulations."

Feeling aggrieved by the refusal of the registrar, Mr. Velázquez took the present appeal, and he urges that the registrar erred in construing the law, as it is not sought to record one or more segregations but only the remaining portion of a property.

Article 1 of the Subdivision Regulations, issued by the Planning, Urbanizing and Zoning Board, excludes from the provisions thereof the "division or subdivision of land in the rural zone for agricultural purposes, whenever the area of the remaining portion as well as that of each of the new properties is five (5) acres or more." The second paragraph of that same Article provides that whenever the remaining portion of the new properties respectively have an area of less than five (5) acres, the subdivision or division of a property may be expressly exempted from compliance with the Regulations by the Planning Board.

In *Vega* v. *Registrar, ante,* p. 97, we held that "in order that a subdivision may be exempt from the provisions of the Regulations and recordable without any dispensation granted by the Board, it is necessary that the area of the segregated property should be at least 5 acres and that the area of the remaining portion should also be not less than 5 acres." In the instant case, both the segregated tract and the alleged remaining portion respectively have an area

of less than 5 acres. Neither of the two parcels may be recorded without dispensation granted by the Board.

The decision appealed from should be affirmed.